IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | Case No. 2:10-cv-01012-EJM |
| Plaintiff/Counterclaim-Defendant, | ) ) | **PLAINTIFF/COUNTERCLAIM DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| v. | ) ) | |
| NORBERT BILLARD, | ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) ) | |

Plaintiff/Counterclaim Defendant American General Life Insurance Company ("AGLIC"), submits the following brief in support of its Motion for Protective Order in accordance with Local Rule 7(e).

## FACTUAL AND PROCEDURAL BACKGROUND

At the insistence of counsel for Defendant Norbert Billard, this Court is being called upon to exercise its power to decide if depositions in this matter should occur on September 22, 2010, or on dates adjacent to several other proposed depositions in October 2010.

On August 27, 2010, Defendant Norbert Billard served upon AGLIC a document entitled "Defendant's Notice of Oral/Video Deposition Duces Tecum of the Designated Representative(s) of American General Life Insurance Company Underwriting Department" ("Defendant's Notice"). In Defendant's Notice, he asked AGLIC to produce one or more individuals "most familiar with" seventeen broad categories of documents purportedly pertaining

to AGLIC's underwriting operations relating to the insurance policy forming the subject matter of this litigation. (Def.'s Notice, at 1-2 (Aug. 27, 2010) [Ex. A].)[1]

Defendant's counsel did not confer with the undersigned before selecting a date, time, and place for the depositions. Instead, he unilaterally declared that the depositions will commence at 9:00am on September 22, 2010, and be held at Defendant's counsel's office in Houston, Texas. Defendant's Notice provided AGLIC with eighteen business days to review the categories of information, identify knowledgeable individuals, and produce these individuals in Houston.

Since receiving Defendant's Notice, AGLIC has worked diligently and in good faith to identify two individuals who will testify on behalf of AGLIC in accordance with Federal Rule of Civil Procedure 30(b)(6). Understandably, it took AGLIC a certain period of time to analyze the seventeen categories of information presented in Defendant's Notice and determine who would be most knowledgeable about them. When those individuals were identified, those individuals notified the undersigned that September 22, 2010 was incompatible with their schedules. They are, however, available during business hours from October 18, 2010 through October 29, 2010. Defendant's counsel is apparently not adverse to conducting depositions on these dates, as he has recently provided notices of depositions for two additional AGLIC witnesses to occur on October 25, 2010 and October 26, 2010, in Houston, Texas. (Def.'s Notice of Oral/Video Deposition <u>Duces Tecum</u> of the Designated Representative(s) of American General Life

---

[1] Despite being captioned as a notice of a "deposition <u>duces tecum</u>," Defendant's notice did not ask the referenced AGLIC representatives to bring any documents to the deposition. Instead, Defendant asked for the production of people "who are most familiar with" the referenced documents. (Def.'s Notice, at 1.) Defendant is apparently aware that a request for documents must be made, as his later deposition notices have included "Exhibit Lists" containing documents Defendant wishes the subject witness to produce. (Def.'s Notice of Oral/Video Deposition <u>Duces Tecum</u> of the Designated Representative(s) of American General Life Insurance Company Claims Department (Sept. 20, 2010) [Ex. B]; Def's Notice of Oral/Video Deposition <u>Duces Tecum</u> of Phillips L. Evans, Jr. (Sept. 20, 2010) [Ex. C].)

Insurance Company Claims Department (Sept. 20, 2010) [Ex. B]; Def's Notice of Oral/Video Deposition Duces Tecum of Phillips L. Evans, Jr. (Sept. 20, 2010) [Ex. C].)

In an e-mail accompanying Defendant's Notice, Defendant's counsel expressed an apparent willingness to cooperate to identify mutually agreeable times and dates to conduct the desired depositions. Defendant's counsel indicated that "[i]f the date selected is unworkable for you or the witness, then please let me know and hopefully we will be able to work something out." (E-mail from David Van Susteren to Michael Thrall & Matthew Eslick (Aug. 27, 2010) [Ex. D].) Believing that Defendant's counsel's offer to "work something out" was made in good faith, the undersigned e-mailed Defendant's counsel on September 15, 2010, agreed that the depositions could be held in Houston, Texas, but informed Defendant's counsel of the need to select alternate dates. (E-mail from Matthew Eslick to David Van Susteren (Sept. 15, 2010) [Ex. D, at 6].)

Defendant's counsel responded by indicating he would only agree to dates between September 22, 2010 and October 1, 2010, and threatened Court intervention. (E-mail from David Van Susteren to Matthew Eslick (Sept. 15, 2010) [Ex. D, at 4-5].)[2] The undersigned responded and proposed that the depositions occur during the week of October 18, 2010 or October 25, 2010. (E-mail from Matthew Eslick to David Van Susteren (Sept. 19, 2010) [Ex. D, at 2-3].) Knowing that AGLIC's witnesses would not be available until October 18, 2010, Defendant's counsel made the false concession of agreeing to schedule depositions through October 5, 2010, and again threatened Court intervention. (E-mail from David Van Susteren to

---

[2] Defendant's counsel's September 15, 2010 e-mail also alleges that "earlier deposition notices in the [Texas] state court would have put AGLIC on notice" of the current notice. This is a red herring: there is no authority for the proposition that a deposition notice in a state court proceeding starts the clock ticking for compliance with any deposition notice in a federal proceeding in a different state.

Matthew Eslick (Sept. 20, 2010) [Ex. D, at 1-2].)[3] As Defendant's counsel appears willing to proceed with the September 22, 2010 depositions, a protective order is now required to reschedule the noticed depositions to a time when AGLIC's witnesses can appear.

## ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) permits "[a] party . . . [to] move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). A Court granting such a motion "may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense" and may, among other things, "specify[] terms, including time and place, for the disclosure or discovery." Id. The requisite good cause exists "'when justice requires the protection of a party or a person from annoyance, embarrassment, oppression, or undue burden or expense.'" Friederes v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993) (quoting United States v. Miracle Recreation Equipment Co., 118 F.R.D. 100, 104 (S.D. Iowa 1987)). Iowa courts balance the relative benefits and harms associated with a proposed protective order to determine if the requisite good cause is present. Id.; accord Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 96 (S.D. Iowa 1992) (citing Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) and Dow Chem. Co. v. Allen, 672 F.2d 1262, 1277-78 (7th Cir. 1982)). Balancing the parties' respective interests requires scheduling the depositions at or near the other depositions currently scheduled in October.

First, instead of simply filing a motion to quash upon receiving Defendant's Notice until responsive individuals could be identified and schedules could be checked, AGLIC relied on

---

[3] Defendant's counsel has also accused AGLIC of failing to "move . . . up" the time of its responses to Defendant's First Set of Requests for Production of Documents. (E-mail from David Van Susteren to Matthew Eslick (Sept. 20, 2010) [Ex. E, at 1-2].) Any insinuation that AGLIC is dragging its feet in discovery is misplaced. AGLIC's responses and objections to Defendant's document requests were due on September 20, 2010, and Defendant made no effort to seek a stipulation under Rule 30(b)(2)(A) to shorten the time by which AGLIC had to respond. As a result, AGLIC timely served in excess of 1,700 documents in response to Defendant's First Requests for Production of Documents on September 20, 2010. Defendant can derive no bad faith from AGLIC's compliance with the rules.

Defendant's representation to "work something out" to arrive at a mutually agreeable date. It would now be unjust for Defendant to benefit from a façade of good faith. AGLIC endeavored in good faith to identify individuals with knowledge of the broad classifications of documents requested by Defendant, and is fully willing to produce responsive individuals when they are mutually available.

Second, the only identifiable prejudice to Defendant apparently stems from a belief that "the discovery period in this case is relatively short and the number of depositions lengthy." However, pursuant to this Court's September 7, 2010 Scheduling Order, discovery is not scheduled to close until February 22, 2011. It follows that even if the discovery period for this matter happened to be unusually short, the fact that the referenced depositions will occur four months before discovery closes instead of five will impose no prejudice or burden on Defendant. And while Defendant has repeatedly alluded to "the number of depositions [being] lengthy" and a "sizeable number of witnesses," he has yet to identify who these scores of individuals are or what they may have to contribute by way of discoverable information.

Third, and finally, in light of the fact that Defendant has provided notice that two additional depositions will occur on October 25 and 26, 2010, it makes more sense than ever to conduct the depositions of the individuals referenced in Defendant's Notice on days adjacent to those responsive to Defendant's new notices. Such a procedure would require counsel for AGLIC to travel to Texas once instead of twice.[4]

## **CONCLUSION**

The bluster and rhetoric in Defendant's counsel's communications aside, there is no good reason for Defendant's refusal to cooperate with AGLIC's request to hold the depositions of the

---

[4] Any attempt by Defendant to parlay this observation into support for his motion to transfer venue should be disregarded. AGLIC has agreed to conduct the depositions in Houston, Texas, for the convenience of Defendant's counsel and to avoid unnecessary litigation over the place where the depositions will occur.

witnesses identified in Defendant's Notice during the week of October 18, 2010 or during the week of October 25, 2010. It would be cheaper, more efficient, and non-prejudicial to hold the depositions then. It follows that AGLIC's motion should be granted.

WHEREFORE, AGLIC respectfully requests this Court enter a protective order requiring that the witnesses identified in Defendant's August 27, 2010 Notice of Oral/Video Deposition Duces Tecum of the Designated Representative(s) of American General Life Insurance Company Underwriting Department be produced for depositions during the week of October 18, 2010 or during the week of October 25, 2010.

/s/ Michael W. Thrall, AT0007975
/s/ Matthew R. Eslick, AT0002409
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
Email: mwt@nyemaster.com

**ATTORNEYS FOR
PLAINTIFF/COUNTERCLAIM DEFENDANT
AMERICAN GENERAL LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the counsel below.

David J. Van Susteren
Law Offices of David J. Van Susteren PLLC
4000 Washington Ave., Suite 203
Houston, Texas 77007

David O'Brien
Willey & O'Brien, L.C.
3519 Center Point Road, NE
Cedar Rapids, IA  52402
**ATTORNEYS FOR DEFENDANT**
**NORBERT BILLARD**

                                                   /s/ Matthew R Eslick