IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NORBERT BILLARD,<br><br>    Defendant/Counterclaim-Plaintiff. | No. C10-1012<br><br>RULING ON MOTION TO EXCEED TEN DEPOSITIONS |

On the 22nd day of December 2010, this matter came on for hearing on the Motion to Exceed Ten Depositions (docket number 86) filed by the Defendant on December 21, 2010. Plaintiff American General Life Insurance Company ("AGLIC") was represented by its attorneys, Michael W. Thrall and Matthew R. Eslick. Defendant Norbert Billard ("Billard") appeared personally and was represented by his attorney, David J. Van Susteren.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 6, 2010, AGLIC filed a complaint seeking rescission of a life insurance policy issued by AGLIC on the life of Christine Cavanaugh. AGLIC asks that the policy be rescinded based on material misrepresentations made by Billard and Cavanaugh in the policy application. On June 15, 2010, Billard filed an answer, denying the material allegations, and asking that the complaint be dismissed.

On July 6, 2010, Billard amended his answer to include certain affirmative defenses, and added a counterclaim seeking judgment against AGLIC for the face amount of the policy. The counterclaim was amended on November 29, 2010 and seeks judgment

1

against AGLIC for breach of contract, promissory estoppel, and "misrepresentation of insurance policy."

On September 7, 2010, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The Order established pretrial deadlines and a trial ready date of July 22, 2011. Certain pretrial deadlines have been extended, but the trial ready date remains unchanged.

Billard has undertaken extensive discovery in this case. It is the Court's understanding that Billard has served AGLIC with at least two sets of interrogatories and five sets of requests for production of documents. To date, Billard has taken the depositions of six of AGLIC's employees, with the depositions of two additional employees tentatively scheduled for January 4, 2011.[1] In his instant motion, Billard also seeks to take the depositions of five other identified persons, four "representative" witnesses, and any experts designated by AGLIC. All together, Billard seeks to take at least 20 depositions, and probably more.

## II. DISCUSSION

Absent an agreement by the parties, FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A)(i) requires leave of court for a party to take more than ten depositions. The Court must grant leave "to the extent consistent with Rule 26(b)(2)." The Court must limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

The purpose of the rule limiting the number of depositions is described in the Advisory Committee's Notes:

> It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review

---

[1] Also tentatively scheduled that week is the completion of the deposition of Nancy Yasso.

2

> under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

*See* FED. R. CIV. P. 30, Advisory Committee's Notes to 1993 Amendments.

Here, Billard's blunderbuss approach to discovery appears to be the antithesis of a "cost-effective plan for discovery" anticipated by the federal rules. Billard has conducted lengthy depositions of persons with limited knowledge of the facts, often pursuing questions which are wholly irrelevant to the issues of whether the insurance application contained false representations and, if so, whether those misrepresentations were material. Many of the document requests are duplicative or unnecessary. This scattershot approach to interrogatories, requests for production, and depositions has added unnecessarily to the costs for both parties.

Before leave of Court will be granted to exceed the number of depositions authorized by Rule 30(a)(2), Billard must present "good reasons" why the additional depositions are necessary. *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996). Stated otherwise, a party seeking leave to take additional depositions "must make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999). In his brief (filed post-hearing), Billard recognizes that "[a] party seeking leave to take more depositions than are

3

contemplated by the Federal Rules or by the court's scheduling order, must make a particularized showing of why the discovery is necessary."[2]

In his post-hearing brief, Billard states summarily that he "has made such a particularized showing," as required by the rules and the cases. The Court disagrees. Billard asserts that additional depositions are required because of the "structure of [AGLIC's] Claims Committee Review meetings." Here, seven persons attended the claims review committee meeting on January 5, 2010, but the meeting was not recorded and no notes were taken. Accordingly, Billard argues that it is necessary for him to "depose all attendees of the meeting to learn what occurred and what was said by whom about the issues in this claim."[3] According to the instant motion, Billard has already taken the depositions of five attendees, with the depositions of Dan Gutenberger and Chris Schrimpf remaining.

In addition, however, Billard states a desire to take the depositions of Ray Sawicki (Phillips Evans' supervisor), Dan McIntosh (an outside investigator), Les Jones (another outside investigator), Suzanne Barrell (Yasso's supervisor), and Mary Jane Fortin (president of AGLIC). Billard also wants to take the deposition of a "designated representative" from the actuarial department at AGLIC, a representative from the information technology department, a representative of Life Insurance Marketing, LLC, and a representative of ITECH Corporation. Billard makes no effort, however, to state "good reasons," or make a "particularized showing," of why these depositions are necessary. Absent such a showing, the substantial additional depositions sought by Billard are merely a "fishing expedition." *See Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 42 (D. Mass. 2001).

---

[2] *See* Billard's Post-Hearing Brief (docket number 120) at 12.

[3] *See* Billard's Motion to Enlarge the Number of Depositions (docket number 86) at 6.

4

The Court finds that Billard's request to exceed ten depositions should be denied, with one exception. In addition to the ten depositions permitted without leave of Court, Billard will be permitted to take the depositions of those experts identified by AGLIC. While there is a substantial amount of money at stake in this case, the issues are not complicated. Two sets of interrogatories, five sets of requests for production of documents, ten depositions, and the depositions of AGLIC's experts, should provide Billard with all of the information necessary to pursue his claim.

**ORDER**

IT IS THEREFORE ORDERED that the Motion to Exceed Ten Depositions (docket number 86) filed by Billard is **DENIED**, with one exception: In addition to the ten depositions permitted without leave of Court, Billard may take the depositions of any experts identified by AGLIC.

DATED this 30th day of December, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA