010312Nf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>NORBERT BILLARD,<br>Defendant/Counterclaim Plaintiff. | No. C10-1012 EJM<br><br>ORDER |

This matter is before the court on resisted motions for summary judgment filed by plaintiff American General Life Insurance Company (AGLIC) on April 15, 2011, and by defendant/counterclaim plaintiff Norbert Billard (Billard) on April 16, 2011, on Billard's resisted Motion to Exclude Testimony..., filed June 7, 2011, and on Billard's resisted Objections to AGLIC Evidence..., filed June 15, 2011. Briefing concluded July 14, 2011. Motion to Exclude Testimony denied without prejudice to reassertion at trial, Objections to AGLIC Evidence denied, Motions for Summary Judgment denied.

Plaintiff AGLIC, a Texas corporation with its principal place of business in Houston, Texas, brings this action against defendant Billard, a citizen of Iowa, seeking declaratory judgment for rescission of a life insurance policy issued to Billard by AGLIC on the life of Christine Cavanaugh. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Defendant Billard met Christine Cavanaugh while she was at a Florida resort with her husband, Lee Lemell, in March of 2008. Billard and Cavanaugh began a relationship, and in July of 2008, they applied for a $1,000,000 AGLIC term life insurance policy (Policy) on Cavanaugh's life, with Billard as beneficiary and policyowner, with the stated purpose of the Policy as "family security." Exhibit A attached to Amended Complaint, docket #199. The Policy was issued in October, 2008. On August 2, 2009, while in Mexico with Billard, Cavanaugh died of asphyxia due to bronchoaspiration. Exhibit X attached to Billard Motion for Summary Judgment, docket #218-8. Cavanaugh's body was promptly cremated, Billard mailed Cavanaugh's remains to her husband, Lemell, and Billard then began procedures to claim the death benefit under the Policy. On April 2, 2010, AGLIC sent Billard a letter advising that the Policy would be rescinded due to misrepresentations, and that its investigation of the matter was ongoing. ALGIC subsequently brought this action seeking a declaratory judgment on May 6, 2010.

In Count 1, AGLIC seeks declaratory judgment for recission based on material misrepresentations, asserting Cavanaugh made material misrepresentations in the application for insurance (Application), including as to her income, net worth, Billard's status as a lender or investor in her business, that she would be married to Billard shortly after submission of the Application, and as to her non-use of cocaine.

Billard counterclaims for breach of contract (Counterclaim Count 1), declaratory relief that AGLIC owes him $1,000,000 under the Policy (Counterclaim

Count 2), promissory estoppel (Counterclaim Count 3), and misrepresentation of insurance policy (Counterclaim Count 4). Docket #75.

## AGLIC SUMMARY JUDGMENT MOTION

AGLIC seeks summary judgment, urging that Cavanaugh made material misrepresentations on her Application and in the underwriting process, including (1) that she had never used cocaine, (2) that her annual income was $150,000, when in fact it was less than $50,000, (3) that her net worth was $800,000, when in fact it was substantially lower, (4) that Cavanaugh and Billard represented they were engaged and intended to be married, when in fact Cavanaugh was married to another man at all times (Lemell), and (5) that Cavanaugh and Billard represented that Billard invested $250,000 in a business owned by Cavanaugh, when in fact Billard made no such investment.

AGLIC asserts that had the above misrepresentations been known at the time of the Application, it would not have issued the Policy, or would have issued it on different terms, and therefore it is entitled to judgment on its claim for rescission, and entitled to judgment on defendant's Counterclaim Counts 1 (breach) and 2 (declaratory relief). AGLIC further asserts that as to Counterclaim Count 3 (promissory estoppel), Billard cannot seek an equitable remedy when he has acted inequitably, and therefore it is entitled to summary judgment on Billard's promissory estoppel counterclaim. Finally, as to Counterclaim Count 4, AGLIC asserts that Billard has not identified any AGLIC practice arising to the level of an unfair

3

insurance practice under Fla. Stat. §626.9541, and therefore it is entitled to summary judgment on Billard's counterclaim for misrepresentation of insurance policy.

In resistance to AGLIC's motion, Billard asserts that so far as relevant here, under Fla. Stat. §627.409, misrepresentations, omissions, concealment of facts and incorrect statements will not prevent recovery under a policy unless they are material to acceptance of the risk, and the insurer would not have issued the policy (as issued) had the true facts been known. However, Billard asserts that Fla. Stat. §627.401(2), in reference to the otherwise applicable statutory law, to wit, Chapter 627 of the Florida Insurance Code[1], provides that the statutory law expressly does not apply to policies that are neither issued for delivery in Florida nor delivered in Florida. Billard urges that the Policy was neither delivered nor constructively delivered in Florida, but was instead delivered to him in Iowa (as the policyowner). Accordingly, Billard asserts that as the court has previously determined the substantive law of Florida applies to this matter (see orders of March 1, 2011, and April 11, 2011, docket #'s 181 and 211, respectively), and as Florida statutory law is inapplicable due to the lack of policy delivery in Florida, then only the common law of Florida applies.

Citing Pan-American Life Ins. v. Fowler, 174 F2d 199, 202 (5th Cir. 1949), Billard urges that the applicable common law of Florida provides that in an application for insurance, any false representation as to a material fact, made with

---

1. Chapters 624-632, 634, 635, 636, 641, 642, 648, and 651 of the Florida Statutes constitute the "Florida Insurance Code. Fla. Stat. §624.01.

4

knowledge of its falsity, with intent to deceive, and acted on by the issuance of the policy, voids the insurance. Billard urges that there exist disputed issues of material fact as to whether the claimed false representations were made with knowledge of falsity, and with intent to deceive.

Billard further asserts that to the extent Florida statutory law is applicable, Fla. Stat. §627.408 provides that an application for insurance is not admissible in evidence, unless attached to or otherwise made a part of the Policy when issued. Billard asserts that the Application was not attached to the Policy when it was delivered to him in Iowa, therefore there exists a disputed issue of material fact as to whether the Application is admissible, and without the admissibility of the Application itself, assertions of material misrepresentations made therein are likewise not admissible for consideration.

## ALLEGED MISREPRESENTATIONS

As to the income and net worth representations, Billard asserts the Application and Financial Questionnaire questions are ambiguous, and that in any event, there is a disputed issue of material fact as to Cavanaugh's income and net worth, as well as disputed issues of material fact as to the materiality of those representations, and AGLIC's reliance thereon.

As to the representation of Billard's $250,000 investment in Cavanaugh's business, Billard again asserts that to the extent Florida statutory law is applicable, pursuant to Florida statutory law the Application is inadmissible if not attached to the policy, see Fla. Stat. §627.408. Billard asserts that while this representation was

made in support of the Application by letter rather than in the Application, if the Application is inadmissible, so too should the letter in support thereof be inadmissible, and therefore this representation may not be considered. Billard further contends that the representation was not a representation "in an application for insurance," and therefore it does not satisfy the asserted common law element that the false representation be made in an application for insurance. Moreover, Billard urges that the letter is ambiguous, as it states in part: "I confirm the financial involvement of my spouse to be: Norbert Billard for more than a quarter of a million dollar in my jewelry business...." Billard asserts that the claimed ambiguity of the letter, together with his transfers to Cavanaugh of some $63,000, give rise to a dispute of material fact over whether the $250,000 representation is a misrepresentation. Finally, Billard urges that in the course of underwriting the Policy, AGLIC disregarded information as to facts that would support forfeiture on this point, and therefore AGLIC has waived its right to rescind the policy on this basis. Similarly, Billard asserts that upon AGLIC's issuance of the Policy despite its knowledge of circumstances that might warrant forfeiture, it is estopped from relying upon this representation as a basis for rescission.

As to the representations regarding marriage, Billard asserts that the only representation in the Application on this point is that Billard was Cavanaugh's "fiancé," that Florida common law only permits consideration of representations in the Application, and therefore that no other marriage representations outside the Application may be considered. Billard further asserts that as AGLIC did not obtain

additional assurances regarding their proposed marriage, there exists a dispute of material fact as to whether the representation was material to AGLIC. Additionally, Billard urges that AGLIC disregarded information as to facts that would support forfeiture on this point, and did not include marriage misrepresentations as a basis for rescission in its letter of April 2, 2010, and therefore AGLIC has waived the right to rescind the Policy on this basis. Similarly, Billard asserts that upon AGLIC's issuance of the Policy despite its knowledge of circumstances that might warrant forfeiture, it is estopped from relying upon this representation as a basis for rescission.

As to the representations regarding Cavanaugh's cocaine use, Billard asserts that there exists a disputed issue of material fact as to the materiality of any cocaine use by Cavanaugh more than six years prior to the Application. As to any more recent cocaine use, as the court understands Billard's position, Billard asserts that AGLIC's failure to further explore indicia of Cavanaugh's substantial alcohol abuse demonstrates that substantial alcohol abuse was immaterial, and therefore any cocaine use (and any misrepresentation associated therewith) is also immaterial. Additionally, Billard asserts that there exists a disputed issue of material fact as to whether Cavanaugh used cocaine. In support, Billard asserts that notwithstanding Lemell's testimony that Cavanaugh was a frequent cocaine user, Lemell's testimony is unreliable and tainted with bias. Billard further urges that AGLIC disregarded a false representation by Cavanaugh as to a conviction for driving under the influence of alcohol (DUI), when in fact, she had been convicted thereof three years prior to

the Application. Billard urges that having disregarded a false representation as to alcohol risk, AGLIC has waived its right to consider misrepresentations as to cocaine as a basis for rescission.

Turning to representations as to engagement and marriage, Billard also urges that AGLIC did not include marriage misrepresentations as a basis for rescission in its letter of April 2, 2010, and therefore AGLIC has waived the right to rescind the policy on this basis. Similarly, Billard asserts that upon AGLIC's issuance of a policy despite its knowledge of circumstances that might warrant forfeiture, it is estopped from relying upon this representation as a basis for rescission.

As to AGLIC's Motion for Summary Judgment upon his counterclaims, Billard asserts that upon the existence of disputed issues of material fact as to AGLIC's claim for rescission, there exist disputed issues of material fact precluding AGLIC's motion for summary judgment on his Counterclaim Counts 1 and 2, breach and judicial declaration, respectively. Billard further asserts the existence of disputed issues of material fact preclude entry of summary judgment on Counterclaim Count 3, promissory estoppel.

Finally, as to AGLIC's Motion for Summary Judgment on Counterclaim Count 4, Billard asserts that under Fla. Stat. §626.9541(1)(a)1, he has a viable claim for unfair or deceptive acts, to wit, Misrepresentation of Insurance Policy, as his claim has been denied in part upon Cavanaugh's failure to provide tax returns to substantiate her income/net worth, and that neither the Policy nor the Application stated that failure to provide tax returns could provide the basis of a claim denial,

8

which he asserts constitutes a misrepresentation or omission as to Policy terms. Billard further urges that as detailed financial information was not used in the initial underwriting of the Policy, AGLIC's conduct in exploring claimed misrepresentations related to this action constitutes "ex-post underwriting," resulting in the instant policy being substantively an eight-year term policy with a two-year "latency period," rather than a ten-year term policy (as Billard asserts that Cavanaugh's death within the first two years resulted in AGLIC's attempt to re-underwrite the policy using stricter or different standards). Accordingly, Billard contends that the attempted "ex-post underwriting" resulting in a policy that is not truly a ten-year term policy, is a misrepresentation of the policy within the meaning of Fla. Stat. §626.9541(1)(a)1, and that AGLIC's obtaining a fee upon the alleged false representations above violates Fla. Stat. §626.9541(1)(k)1. Billard asserts the existence of disputed material facts precluding summary judgment upon Counterclaim Count 4.

## BILLARD SUMMARY JUDGMENT MOTION

Defendant/Counterclaimant Billard seeks summary judgment, asserting that only the common law of Florida is applicable, and not Florida statutory law, as the policy was not physically delivered in Florida. Billard thus contends that the provisions of Fla. Stat. Ann. §627.409 regarding misrepresentation do not apply, and instead, the Florida common law regarding misrepresentation applies, as noted hereinbefore.

As to the five claimed misrepresentations, again, they are Cavanaugh's income, net worth, Billard's investment in Cavanaugh's business, the status of Cavanaugh's relationship to/with Billard, and Cavanaugh's cocaine use.

Beginning with income and net worth, Billard asserts that AGLIC waived its right to contest these representations, as it issued the policy knowing of its inability to verify Cavanaugh's income and net worth. Billard further asserts that AGLIC is estopped from raising these representations as a basis for rescission, as Cavanaugh's refusal to provide certain financial information would have provided a basis for AGLIC to decline issuance, yet AGLIC issued the coverage notwithstanding Cavanaugh's refusal, and Billard then ceased looking for life insurance coverage on Cavanaugh.

Turning to the representation as to Billard's claimed investment/involvement of $250,000 in Cavanaugh's business, Billard asserts that the representation was not made in the Application, but rather was in a letter drafted by Billard, that Florida common law requires a false representation to be in the Application, and therefore this representation cannot be a basis for rescission. Billard further asserts that AGLIC has waived its right to contest this representation as it had information which warranted further inquiry into the representation, but did not do so. Similarly, Billard urges AGLIC is estopped from relying upon this representation, as in issuing the policy, it disregarded information "sufficient to excite attention and call for further inquiry."

Turning to the matter of representations as to Billard's relationship with Cavanaugh, Billard again asserts that misrepresentations must be in an application, and the Application here contained only the reference that the owner's relationship to the insured was as a "fiancé." Moreover, Billard asserts AGLIC has waived, and is estopped from raising this basis for rescission, as it disregarded information sufficient to call for further inquiry, and Billard relied thereon. Additionally, Billard urges that this representation was not asserted as a basis for denial in the letter of April 2, 2010, denying Billard's claim, and therefore AGLIC has waived this basis for denial.

Finally, as to the representation that Cavanaugh never used cocaine, Billard asserts that AGLIC has waived and is estopped from raising this basis for rescission, as it issued the policy notwithstanding information that in the Application, Cavanaugh made a false representation as to a previous drunken driving conviction, and that medical examination showed potential alcohol abuse, putting AGLIC on notice that further inquiry and investigation would have been warranted as to Cavanaugh's drug use history. Additionally, Billard asserts the representation as to cocaine use was not included in AGLIC's denial letter, and is therefore waived.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. <u>Kegal v. Runnels</u>, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may

not rest merely upon the allegations in their pleadings. <u>Buford v. Tremayne</u>, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. <u>Id.</u>, (citing Fed. R. Civ. P. 56(e) and <u>Burst v. Adolph Coors Co.</u>, 650 F2d 930, 932 (8th Cir. 1981)).

<u>Green v. St. Louis Housing Authority</u>, 911 F2d 65, 68 (8th Cir. 1990).

Upon review of the record in light of the applicable standards, it is the court's view that there exist disputed issues of material fact precluding the entry of summary judgment. Billard's objections to AGLIC evidence shall be denied, and his motion to exclude testimony (of AGLIC's expert) shall be denied without prejudice to reassertion at trial. The court will reserve ruling on the matter of the applicable Florida law. While oral argument was requested, the court finds oral argument unwarranted.

It is therefore

ORDERED

Motion to Exclude Testimony denied in accordance herewith.

Objections to AGLIC Evidence denied.

Motions for Summary Judgment denied.

January 3, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT